UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

-------------------------------------------------------------------------------X

JOSEPH BALZANO,

                                              Plaintiff,

          -against-

CITY OF NEW YORK, VINCENT AGOSTINO, Individually,
STEVEN SPOSITO, Individually, JOHN MATTINA,
Individually, PAUL FARELLA, Individually, MATHEW REICH,
Individually, and JOHN AND JANE DOE 1 through10, Individually,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                              Defendants.

-------------------------------------------------------------------------------X

**AMENDED
COMPLAINT**

17 CV 2830
(FB) (VMS)

<u>Jury Trial Demanded</u>

          Plaintiff JOSEPH BALZANO, by his attorneys, Brett H. Klein, Esq., PLLC, complaining

of the defendants, respectfully alleges as follows:

## **Preliminary Statement**

          1.       Plaintiff brings this action for compensatory damages, punitive damages and

attorneys' fees pursuant to 42 U.S.C. §§1983 and 1988 for violations of his civil rights, as said

rights are secured by said statutes and the Constitution of the United States.  Plaintiff also asserts

supplemental state law claims.

## **JURISDICTION**

          2.       This action is brought pursuant to 42 U.S.C. §§ 1983 and 1988, and the Fourth

and Fourteenth Amendments to the United States Constitution.

          3.       Jurisdiction is found upon 28 U.S.C. §§ 1331, 1343 and 1367.

## **VENUE**

          4.       Venue is properly laid in the Eastern District of New York under 28 U.S.C. §

1391(b), in that this is the District in which the claim arose.

## JURY DEMAND

5.      Plaintiff respectfully demands a trial by jury of all issues in this matter pursuant to Fed. R. Civ. P. 38 (b).

## PARTIES

6.      Plaintiff JOSEPH BALZANO is a thirty-one-year old resident of Brooklyn, New York.

7.      Defendant CITY OF NEW YORK was and is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York.

8.      Defendant CITY OF NEW YORK maintains the New York City Police Department (hereinafter referred to as "NYPD"), a duly authorized public authority and/or police department, authorized to perform all functions of a police department as per the applicable sections of the aforementioned municipal corporation, CITY OF NEW YORK.

9.      That at all times hereinafter mentioned, the individually named defendants, VINCENT AGOSTINO, STEVEN SPOSITO, JOHN MATTINA, PAUL FARELLA, Individually, MATHEW REICH, and JOHN AND JANE DOE 1 through10 were duly sworn police officers of said department and were acting under the supervision of said department and according to their official duties.

10.     That at all times hereinafter mentioned the defendants, either personally or through their employees, were acting under color of state law and/or in compliance with the official rules, regulations, laws, statutes, customs, usages and/or practices of the State of New York and/or the City of New York.

11.     Each and all of the acts of the defendants alleged herein were done by said

2

defendants while acting within the scope of their employment by defendant CITY OF NEW YORK.

## **FACTS**

12.     On August 26, 2015 at approximately 3:15 p.m., plaintiff was operating a vehicle in the vicinity of 2505 Richmond Avenue, Staten Island, New York.

13.     The vehicle was occupied by plaintiff and a female passenger.

14.     At the above-mentioned location, defendant NYPD officers in an unmarked van pulled plaintiff over.   Upon information and belief, defendants SPOSITO and MATTINA occupied said van.   Defendants AGOSTINO, REICH, and FARELLA, a sergeant with supervisory authority over the other defendants, arrived shortly thereafter.

15.     The defendant officers ordered plaintiff and the passenger out of the vehicle and, with the aid or in the presence of other defendant officers, unreasonably searched plaintiff, plaintiff's vehicle, and plaintiff's passenger.

16.     Unbeknownst to plaintiff, the passenger possessed a controlled substance secreted on her person, which she voluntarily surrendered to the defendants.

17.     Plaintiff was not in actual or constructive possession of any controlled substances or contraband.

18.     Nevertheless, plaintiff was arrested, along with his passenger, by the defendants, despite that said officers lacked probable cause to believe plaintiff had committed a crime. Defendant AGOSTINO was plaintiff's arresting officer, and defendant FARELLA authorized the arrest and otherwise condoned the misconduct of the individually named defendants.

19.     Plaintiff was handcuffed in an overtight manner and imprisoned in the police van operated by, upon information and belief, defendants SPOSITO and MATTINA.

20.     Plaintiff remained imprisoned in the police van for approximately four hours while defendants SPOSITO and MATTINA resumed patrol.

21.     During the transport, the van was extremely hot, and defendants SPOSITO and MATTINA proceeded to take plaintiff for a "rough ride", and in so doing, drove the NYPD van in a manner which caused plaintiff to be dangerously tossed around in the vehicle, causing plaintiff to suffer needless physical pain and emotional distress.

22.     During the first hour or more, plaintiff repeatedly complained about the unbearable conditions of his arrest, informing the officers that he was overheating, that his handcuffs were too tight, and that he was being dangerously thrown around, and saying that he was going to report them.

23.     Defendants SPOSITO and MATTINA failed to take any corrective action to remedy plaintiff's complaints.

24.     Instead of correcting the hazardous condition, after approximately one or more hours, defendants SPOSITO and MATTINA pulled the van over, and a defendant officer, believed to be defendant AGOSTINO, approached the rear of the van, ordered plaintiff out of the van, and proceeded to threaten plaintiff, telling him, in sum and substance, that if he didn't stop yelling and making threats, things were only going to get worse for him.

25.     After roughly driving plaintiff around in over tight handcuffs in the overheated van for approximately four hours in total, defendants SPOSITO and MATTINA brought plaintiff to the 121st precinct and imprisoned him therein.

26.     While at the 121st precinct, a defendant officer, believed to be defendant AGOSTINO, brought plaintiff into an interrogation room.

27.     Plaintiff said, in sum and substance, to defendant AGOSTINO: "bro, I don't know

4

anything."

28.    In response, defendant AGOSTINO said, in sum and substance, don't call me bro, and then grabbed plaintiff by the neck, and slammed plaintiff's head against the wall two times.

29.    After being held at the 121st precinct for a period of hours, plaintiff was transported to the 120th police precinct stationhouse and unlawfully imprisoned overnight.

30.    The defendant officers continued to imprison plaintiff, or otherwise caused him to be imprisoned, until August 27, 2015, when he was arraigned in Richmond County Criminal Court on baseless criminal charges filed under docket number 2015RI006275; said charges having been filed based on the false allegations of the defendant officers.

31.    The defendant officers initiated said prosecution without probable cause and with malice.

32.    The defendant officers created and manufactured false evidence which defendant AGOSTINO conveyed to the Richmond County District Attorney's Office, which used same against plaintiff in the aforementioned legal proceeding.

33.    Specifically, defendant AGOSTINO swore to false allegations that a pill was found on the passenger side floor board of plaintiff's vehicle.  This claim was false.

34.    As a result of the defendants' conduct, plaintiff was compelled to return to court on numerous occasions until February 10, 2016, when the Richmond County District Attorney's Office moved to dismiss the charges levied against plaintiff.

35.    The individually named defendant officers either directly participated in the above illegal acts, failed to intervene in them despite a meaningful opportunity to do so, and as to defendant FARELLA, who held the supervisory rank of Sergeant, supervised and approved of, oversaw, and otherwise participated in the aforementioned misconduct.

5

36.     All of the above occurred as a direct result of the unconstitutional policies, customs or practices of the City of New York, including, without limitation, the inadequate screening, hiring, retaining, training and supervising its employees; and pursuant to customs or practices of narcotics divisions of the NYPD of falsely arresting individuals and falsifying evidence in support of said arrests, and in engaging in the improper practice of taking prisoners on "rough rides."

37.     The aforesaid event is not an isolated incident.  Defendant CITY OF NEW YORK is aware from lawsuits, notices of claims, complaints field with the NYPD's Internal Affairs Bureau, and the CITY OF NEW YORK'S Civilian Complaint Review Board, and extensive media coverage that many NYPD narcotics officers, including the defendants, are insufficiently trained, and engage in a practice of falsely arresting individuals and of falsifying evidence in support of said arrests.   *See  e.g.*  http://www.nydailynews.com/news/crime/fabricated-drug-charges-innocent-people-meet-arrest-quotas-detective-testifies-article-1.963021.

38.     Moreover, in another civil rights action filed in this court involving false allegations by NYPD narcotics officers, Senior Judge Jack B. Weinstein pronounced:

> Informal inquiry by the court and among judges of this court, as well as knowledge of cases in other federal and state courts, has revealed anecdotal evidence of repeated, widespread falsification by arresting police officers of the New York City Police Department.  . . . [T]here is some evidence of an attitude among officers that is sufficiently widespread to constitute a custom or policy by the city approving illegal conduct of the kind now charged. *Colon v. City of New York, et. al.,* 2009 WL 4263362, *2 (E.D.N.Y. 2009).

39.     Defendant CITY OF NEW YORK was also aware, prior to the incident, that the individual defendants engaged in such practices, and lacked the objectivity, temperament, maturity, discretion, and disposition to be employed as police officers.  Despite such notice, defendant CITY of NEW YORK has retained these officers, and failed to adequately train and

supervise them.

40.     For example, the CITY OF NEW YORK is aware through the litigation of *Burgess v. City of New York, et al.*, 15 CV 5525 (RRM) (MDG), that defendant AGOSTINO has been sued previously for engaging in fabricated narcotics arrests, and through the litigation of cases such as *Weiss v. City of New York, et al.*, 16 CV 776 (LDH)(RER) and *Itkin v. City of New York, et al.*, 17 CV 187 (RRM)(JO), that officers in the Staten Island narcotics division frequently engage in rough rides.   Defendant FARELLA has likewise been sued in this Court on numerous occasions (09 CV 1477, 11 CV 2153, 12 CV 2677, 12 CV 5009, 12 CV 6042 and 17 CV 3756).  As has SPOSITO (09 CV 4009, 09 CV 4873, 10 CV 231, 10 CV 1260, 10 CV 3011, 11 CV 2843, 11 CV 5612, 11 CV 5644, 12 CV 4385, 12 CV 6321, 14 CV 2854, 14 CV 5132, 14 CV 5331, 15 CV 4042, 15 CV 5660 and 17 cv 187).  As has REICH (08 CV 4812, 08 CV 5180, 09 CV 1539, 12 CV 4385, 12 CV 4939, 12 CV 6321, 14 CV 1633, 14 CV 2854, 14 CV 5132, 14 CV 5331, 15 CV 1718, 16 CV 352, 16 CV 1776 and 16 CV 5936).

41.     Despite notice of the foregoing custom and practices of NYPD narcotics officers and of the lack of training of said officers, defendant CITY OF NEW YORK has failed to take corrective action.  This failure caused the officers in the present case to violate the plaintiff's civil rights.

42.     All of the aforementioned acts of defendants, their agents, servants and employees were carried out under the color of state law.

43.     All of the aforementioned acts deprived plaintiff JOSEPH BALZANO of the rights, privileges and immunities guaranteed to citizens of the United States by the Fourth and Fourteenth Amendments to the Constitution of the United States of America, and in violation of 42 U.S.C. §1983.

44.    The acts complained of were carried out by the aforementioned individual defendants in their capacities as police officers, with the entire actual and/or apparent authority attendant thereto.

45.    Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

46.    As a result of the foregoing, plaintiff JOSEPH BALZANO sustained, *inter alia*, physical injuries, emotional distress, embarrassment, and humiliation, and deprivation of his constitutional rights.

## Federal Claims

### AS AND FOR A FIRST CAUSE OF ACTION
(False Arrest/Unlawful Imprisonment under 42 U.S.C. § 1983)

47.    Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "46" with the same force and effect as if fully set forth herein.

48.    Defendant officers arrested plaintiff JOSEPH BALZANO without probable cause, causing him to be detained against his will for an extended period of time and subjected to physical restraints.

49.    Defendant officers caused plaintiff JOSEPH BALZANO to be falsely arrested and unlawfully imprisoned.

50.    As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A SECOND CAUSE OF ACTION
### (Excessive Force under 42 U.S.C. § 1983)

51.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "50" with the same force and effect as if fully set forth herein.

52.     The level of force employed by defendant officers was excessive, objectively unreasonable and otherwise in violation of plaintiff JOSEPH BALZANO'S constitutional rights.

53.     As a result of the aforementioned conduct of the defendant officers, plaintiff JOSEPH BALZANO was subjected to excessive force and sustained physical injuries and emotional distress.

54.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A THRID CAUSE OF ACTION
### (Malicious Prosecution under 42 U.S.C. § 1983)

55.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "54" with the same force and effect as if fully set forth herein.

56.     Defendants initiated, commenced and continued a malicious prosecution against plaintiff JOSEPH BALZANO.

57.     Defendants caused plaintiff JOSEPH BALZANO to be prosecuted without any probable cause until the charges were dismissed on or about February 10, 2016.

58.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FOURTH CAUSE OF ACTION
### (Violation of Right to Fair Trial under 42 U.S.C. § 1983)

59.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "58" with the same force and effect as if fully set forth herein.

60.     Defendant officers created false evidence against plaintiff JOSEPH BALZANO.

61.     Defendant VINCENT AGOSTINO utilized this false evidence against plaintiff JOSEPH BALZANO in legal proceedings.

62.     As a result of defendants' creation and use of false evidence, which defendant VINCENT AGOSTINO conveyed to the Richmond County District Attorney's Office plaintiff JOSEPH BALZANO suffered a violation of his constitutional rights to a fair trial, as guaranteed by the United States Constitution.

63.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A FIFTH CAUSE OF ACTION
### (Failure to Intervene under 42 U.S.C. § 1983)

64.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "63" with the same force and effect as if fully set forth herein.

65.     Defendants had an affirmative duty to intervene on behalf of plaintiff JOSEPH BALZANO, whose constitutional rights were being violated in their presence by other officers.

66.     The defendants failed to intervene to prevent the unlawful conduct described herein.

10

67.     As a result of the foregoing, plaintiff JOSEPH BALZANO was subjected to excessive force, he was denied his right to a fair trial, and he was put in fear of his safety.

68.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SIXTH CAUSE OF ACTION
(Supervisory Liability under 42 U.S.C. § 1983)

69.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "68" with the same force and effect as if fully set forth herein.

70.     The supervisory defendants personally caused plaintiff's constitutional injury by being deliberately or consciously indifferent to the rights of others in failing to properly supervise and train their subordinate employees.

71.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A SEVENTH CAUSE OF ACTION
(Municipal Liability under 42 U.S.C. § 1983)

72.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "71" with the same force and effect as if fully set forth herein.

73.     Defendants, collectively and individually, while acting under color of state law, engaged in conduct that constituted a custom, usage, practice, procedure or rule of the respective municipality/authority, which is forbidden by the Constitution of the United States.

11

74.     The aforementioned customs, policies, usages, practices, procedures and rules of the City of New York Police Department included, but were not limited to, manufacturing evidence and otherwise engaging in falsification related to narcotics arrests, and subjecting arrestees to rough rides.  In addition, the City of New York engaged in a policy, custom or practice of inadequate screening, hiring, retaining, training and supervising its employees that was the moving force behind the violation of plaintiff JOSEPH BALZANO'S rights as described herein.  As a result of the failure of the City of New York to properly recruit, screen, train, discipline, and supervise its officers, including the individual defendants, defendant CITY OF NEW YORK has tacitly authorized, ratified, and has been deliberately indifferent to, the acts and conduct complained of herein.

75.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York Police Department constituted deliberate indifference to the safety, well-being and constitutional rights of plaintiff JOSEPH BALZANO.

76.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the direct and proximate cause of the constitutional violations suffered by plaintiff JOSEPH BALZANO as alleged herein.

77.     The foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department were the moving force behind the Constitutional violations suffered by plaintiff JOSEPH BALZANO as alleged herein.

78.     As a result of the foregoing customs, policies, usages, practices, procedures and rules of the City of New York and the New York City Police Department, plaintiff JOSEPH BALZANO was unlawfully seized, detained, incarcerated, searched, prosecuted, and subjected to physical abuse.

79.     Defendants, collectively and individually, while acting under color of state law, were directly and actively involved in violating plaintiff JOSEPH BALZANO'S constitutional rights.

80.     All of the foregoing acts by defendants deprived plaintiff JOSEPH BALZANO of federally protected rights, including, but not limited to, the right:

        A.     To be free from false arrest/unlawful imprisonment;

        B.     To be free from excessive force;

        C.     To be free from malicious prosecution;

        D.     To be free from fabrication of evidence/deprivation of the right to a fair trial; and

        E.     To be free from the failure to intervene.

81.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury.

**Supplemental State Law Claims**

82.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "81" with the same force and effect as if fully set forth herein.

83.     Within ninety (90) days after the claim herein accrued, plaintiff duly served upon, presented to and filed with the CITY OF NEW YORK, a Notice of Claim setting forth all facts and information required under the General Municipal Law 50-e.

84.     The CITY OF NEW YORK has wholly neglected or refused to make an adjustment or payment thereof and more than thirty (30) days have elapsed since the presentation of such claim as aforesaid.

85.     This action was commenced within one (1) year and ninety (90) days after the cause of action herein accrued.

86.     Plaintiff has complied with all conditions precedent to maintaining the instant action.

87.     This action falls within one or more of the exceptions as outlined in C.P.L.R. 1602.

## AS AND FOR AN EIGHTH CAUSE OF ACTION
### (Malicious Prosecution under the laws of the State of New York)

88.     Plaintiff repeats, reiterates and realleges each and every allegation contained in paragraphs numbered "1" through "87" with the same force and effect as if fully set forth herein.

89.     The defendant officers initiated, commenced and continued a malicious prosecution against plaintiff JOSEPH BALZANO.

90.     Defendant City, as employer of the individually named defendant officers, is responsible for their wrongdoing under the doctrine of *respondeat superior.*

91.     Defendants caused plaintiff JOSEPH BALZANO to be prosecuted without probable cause until the charges were dismissed on or about February 10, 2016.

92.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

## AS AND FOR A NINTH CAUSE OF ACTION
### (Negligent Screening, Hiring, and Retention under the laws of the State of New York against Defendant City of New York)

93.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in

paragraph numbered "1" through "92" with the same force and effect as if fully set forth herein.

94.     Upon information and belief, defendant CITY OF NEW YORK failed to use reasonable care in the screening, hiring and retention of the aforesaid defendants who arrested, assaulted and battered, prosecuted, and manufactured evidence against plaintiff JOSEPH BALZANO.

95.     Defendant CITY OF NEW YORK knew, or should have known in the exercise of reasonable care, the propensities of the individual defendants to engage in the wrongful conduct heretofore alleged in this Complaint.

96.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

### AS AND FOR A TENTH CAUSE OF ACTION
(Negligent Training and Supervision under the laws of the State of New York against Defendant City of New York)

97.     Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "96" with the same force and effect as if fully set forth herein.

98.     Upon information and belief, the defendant CITY OF NEW YORK failed to use reasonable care in the training and supervision of the aforesaid defendants who arrested, assaulted and battered, maliciously prosecuted, and deprived plaintiff of his right to a fair trial.

99.     As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR AN ELEVENTH CAUSE OF ACTION**
(Negligence under the laws of the State of New York)

100. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "99" with the same force and effect as if fully set forth herein.

101. Plaintiff's injuries herein were caused by the carelessness, recklessness and negligence of defendant CITY OF NEW YORK and its employee defendants, who were on duty and acting in the scope of their employment when they engaged in the wrongful conduct described herein.

102. Defendant City, as employer of defendants is responsible for their negligent acts under the doctrine of *respondeat superior*

103. As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable attorneys' fees, costs and disbursements of this action.

**AS AND FOR A TWELFTH CAUSE OF ACTION**
(Violation of N.Y.S. Constitution Article 1 §12 against Defendant City of New York)

104. Plaintiff repeats, reiterates, and realleges each and every allegation contained in paragraphs numbered "1" through "103" with the same force and effect as if fully set forth herein.

105. As a result of defendants' conduct, plaintiff was deprived of his right to security against unreasonable searches, seizures, and interceptions.

106. As a result of the foregoing, plaintiff JOSEPH BALZANO is entitled to compensatory damages in an amount to be fixed by a jury, and is further entitled to punitive damages against the individual defendants in an amount to be fixed by a jury, plus reasonable

16

attorneys' fees, costs and disbursements of this action.

      **WHEREFORE**, plaintiff JOSEPH BALZANO demands judgment and prays for the following relief, jointly and severally, against the defendants:

    (A)    full and fair compensatory damages in an amount to be determined by a jury;

    (B)    punitive damages against the individual defendants in an amount to be determined by a jury;

    (C)    reasonable attorneys' fees and the costs and disbursements of this action; and

    (D)    such other and further relief as appears just and proper.

Dated: New York, New York
       October 12, 2017

                     BRETT H. KLEIN, ESQ., PLLC
                     Attorneys for Plaintiff JOSEPH BALZANO
                     305 Broadway, Suite 600
                     New York, New York 10007
                     (212) 335-0132

                 By:     _s/ Brett Klein_____
                     BRETT H. KLEIN (BK4744)

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
--------------------------------------------------------------------------------X

JOSEPH BALZANO,

                                                 Plaintiff,

        -against-

CITY OF NEW YORK, VINCENT AGOSTINO, Individually,
STEVEN SPOSITO, Individually, JOHN MATTINA,
Individually, PAUL FARELLA, Individually, MATHEW REICH,
Individually, and JOHN AND JANE DOE 1 through10, Individually,
(the names John and Jane Doe being fictitious, as the true names are
presently unknown),

                                            Defendants.

--------------------------------------------------------------------------------X

17 CV 2830
(FB) (VMS)

**AMENDED COMPLAINT**

**BRETT H. KLEIN, ESQ., PLLC**
Attorneys for the Plaintiff
305 Broadway, Suite 600
New York, New York 10007
(212) 335-0132